ELECTRONICALLY FILED
May 10 2019
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY,

    Plaintiff,

v.

    Civil Action No. 5:19-cv-168

    Judge Frederick P. Stamp, Jr.

MEDIVERSE LLC and
HELIX MANAGEMENT SOLUTIONS, LLC,

    Defendants.

## COMPLAINT

Plaintiff Diana Mey ("Plaintiff") states as follows for her Complaint against Defendants Mediverse LLC and Helix Management Solutions, LLC (collectively, "Defendants"):

### Preliminary Statement

1. Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Defendants made telemarketing calls to Plaintiff's cellular telephone number using an automated telephone dialing system ("ATDS"), which is prohibited by the TCPA.

3. Plaintiff never consented to receive the call, which was placed to her for telemarketing purposes.

### Parties and Jurisdiction

4. Plaintiff Diana Mey is an individual residing in Wheeling, West Virginia.

5. Defendant Mediverse LLC ("Mediverse") is a Florida limited liability company with a principal place located at 420 Churchwell Drive, Panama City Beach, Florida. Edward C White, Jr. is identified as member authorized to manage the company.

6. Defendant Helix Management Solutions, LLC ("Helix") is a Florida limited liability company with a principal place located at 420 Churchwell Drive, Panama City Beach, Florida. Edward C White, Jr. is identified as member authorized to manage the company.

7. At all relevant times, Defendants conducted business in West Virginia, solicited business in West Virginia, engaged in persistent course of conduct in West Virginia, and/or have derived substantial revenue from goods sold and services provided in West Virginia.

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining claims arising under state law.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. In particular, the telemarketing calls to Plaintiff occurred in this district.

### Defendants' Illegal Telemarketing

10. Mediverse and Helix are both owned and operated by Mr. Edward C. White, Jr.

11. Based upon representations to Plaintiff by Mr. White, Mediverse and/or Helix operate under an unregistered tradename, Med-Genetics.

12. Through Med-Genetics, Mediverse and Helix offer or promote genetic testing to senior citizens on Medicare. The genetic testing supposedly reveals whether the senior citizen is

genetically predisposed to cancer. These genetic tests are marketed as fee benefits and charged against their insurance.

13. Mediverse and Helix are participants in a joint venture and share in its costs and its profits associated with offerings for genetic testing. The telemarketing calls referenced herein were made by or on behalf of Mediverse and Helix, using the tradename Med-Genetics.

14. Defendants use telemarketing to promote genetic testing to Medicare enrollees.

15. Defendants' telemarketing efforts include the use of an automated telephone dialing system ("ATDS").

16. Upon information and belief, Defendants used this equipment because it allows for thousands of automated calls to be placed at one time, but their telemarketing representatives, who are paid by the hour, only talk to individuals who pick up the telephone.

17. Through this method, Defendants shift the burden of wasted time to the consumers they call with unsolicited messages.

18. Recipients of these calls, including Plaintiff, did not consent to receive them.

19. Plaintiff's cellular telephone number is (304) 242-XXXX. Plaintiff's number is listed on the Do Not Call Registry.

20. Nonetheless, on January 21, 2019, Plaintiff received a call from (978) 856-8284. The caller identified himself as Alex with Med-Genetics, which offered genetic testing available to consumers as a free benefit of their insurance.

21. Plaintiff feigned interest in the product/service offering in order to better identify who was making the telemarketing call. When Plaintiff advised the Med-Genetics representative

that she had private insurance, the representative informed Plaintiff that she did not qualify. The Med-Genetics representative terminated the call.

22. Thereafter, Plaintiff received at least 30 additional calls from individuals representing to be (or, in some cases, believed to be) representatives of Med-Genetics offering similar genetic testing services.

23. Each time Plaintiff received a call from Med-Genetics, there was a brief pause and before connecting Plaintiff to a Med-Genetics representative. This pause is consistent with the use of an ATDS, which waits until the call is answered before connecting the recipient with an available representative.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)

24. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

25. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

26. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

27. Under the TCPA, a person or entity can be liable for calls made on its behalf, even if the person or entity does not directly place the calls. 47 U.S.C. § 227(c)(5).

28. As explained by the FCC, the agency charged with interpreting and enforcing the TCPA, the applicable rules "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Red. 12391, 12397 ¶ 13 (1995).

29. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone number of Plaintiff using an ATDS.

30. As a result, Plaintiff is presumptively entitled to an award of $500 in damages for each and every call made in violation of the TCPA, 47 U.S.C. § 227.

31. Plaintiff is also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls, except for emergency purposes, to any residential or cellular telephone number using an ATDS or artificial or prerecorded voice in the future.

32. The Defendant's violations were negligent, willful, or knowing.

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227(c)

33. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

34. Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf made telemarketing calls to Plaintiff's residential telephone, which was listed on do-not-call registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

## COUNT III
### Unfair or Deceptive Acts of Practices

35. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

36. Defendants knowingly engaged in the transmission of misleading or inaccurate caller identification information, including, but not limited to, circumventing caller identification technology that allows the consumer to identify from what phone number or organization the call has originated from, or to otherwise misrepresent the origin and nature of the solicitation. *See* W. Va. Code § 46A-6F-501.

37. On multiple occasions, Defendants misrepresented the origin of their calls by circumventing caller identification technology. Despite actually calling from Panama City Beach, Florida, Defendants manipulated the caller identification to suggest that they were calling from a local West Virginia number.

38. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-6F-501, et seq.

WHEREFORE, Plaintiff requests that this Court: (i) find that Defendants are jointly and severally liable to Plaintiff for the conduct alleged herein; (ii) award Plaintiff damages, including, but not limited to, compensatory damages, liquidated statutory damages, and trebled statutory

damages; (iii) enjoin Defendants from making future calls to Plaintiff; and (iv) award such other and further relief as this Court deems just and proper under the circumstances.

**DIANA MEY**

By Counsel

/s/Andrew C. Robey
Andrew C. Robey (WVSB #12806)
Ryan M. Donovan (WVSB #11660)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com